IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
      )
      v.      )
      )    Criminal No. 21-385-22
WILLIAM THOMAS, III,      )
      )
      Defendant.      )

**MEMORANDUM ORDER**

On September 22, 2022, the Court sentenced Defendant William Thomas, III to 60 months' imprisonment followed by a 4-year term of supervised release for conspiring to possess with intent to distribute and to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. (Docket Nos. 933, 935).  Defendant is currently serving his sentence at FCI Beckley.

Presently before the Court is Defendant's pro se Motion to Reduce Sentence, wherein he requests "compassionate release, home confinement or a sentence reduction." (Docket No. 1389 at 2).  Defendant's request is grounded on his daughter's childcare needs and his desire to "be there for [his] family." (*Id.* at 1).  The Government opposes Defendant's Motion, arguing that it should be denied because he failed to prove that he exhausted administrative remedies prior to moving for compassionate release, and the Court lacks authority to direct the Bureau of Prisons ("BOP") to place him on home confinement.  (Docket No. 1427 at 1-4).  Defendant did not file a Reply by the established deadline of August 4, 2023, (*see* Docket No. 1407), thus the matter is now ripe for disposition.  For reasons that follow, Defendant's Motion will be denied without prejudice.

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir.

1

2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (citing 18 U.S.C. § 3582(c)).  A

court's limited authority to reduce a sentence may apply if "extraordinary and compelling reasons

warrant such a reduction," and if a reduction is "consistent with applicable policy statements issued

by the Sentencing Commission" and "supported by the traditional sentencing factors under 18

U.S.C. § 3553(a)," as applicable.  *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Andrews*, 12 F.4th

255, 258 (3d Cir. 2021).

However, prior to determining whether a sentence reduction is warranted based on those

considerations, the Court first must be satisfied that the defendant has exhausted administrative

remedies:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or **upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).  Accordingly, before a district court can consider a

defendant's request for compassionate release, he first must exhaust his administrative remedies in

one of the two ways set forth in the statute.  *See United States v. Early*, Crim. No. 19-92, 2020 WL

2572276, at *2 (W.D. Pa. May 21, 2020).  The Third Circuit Court of Appeals requires "strict

compliance" with this exhaustion requirement, and failure to exhaust "presents a glaring roadblock

foreclosing compassionate release[.]"  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see

also United States v. Rashid*, 2023 WL 1813598, at *2 (3d Cir. Feb. 8, 2023) (holding that the

defendant's failure to exhaust administrative remedies barred the district court from addressing his

claimed extraordinary and compelling reasons for compassionate release); *United States v. Johnson*,

2022 WL 1402048, at *1 (3d Cir. May 4, 2022) (observing that even though a pro se pleading is

2

liberally construed, "the exhaustion requirement in § 3582(c)(1)(A) is stringent").

Here, Defendant does not claim in his Motion that he exhausted his administrative remedies, and there is nothing in the record before the Court to indicate that he submitted any administrative request to the BOP.  Additionally, the Government submits in its Response that FCI Beckley has indicated that no such request from Defendant was located.  (Docket No. 1427 at 3).  Given that Defendant has failed to establish that he exhausted his administrative remedies as required by § 3582(c)(1)(A), the Court must deny his request for compassionate release.

The Court also must deny Defendant's request to be placed on home confinement, as the Court lacks authority to grant such request.  Rather, the BOP possesses the authority to designate where a prisoner serves his sentence, including whether he should be placed on home confinement. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *Tapia v. United States*, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment. . . .") (internal quotation marks and citation omitted); *United States v. Thomas*, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) ("Only the Bureau of Prisons has the authority to put a prisoner on home confinement."); *United States v. Aguibi*, 858 F. App'x 485, 486 n.2 (3d Cir. 2021) ("To the extent that [the defendant] requested a transition to home confinement, the Bureau of Prisons has the sole authority to place a prisoner in home confinement.").

Accordingly, based on the foregoing, the Court denies Defendant's requests for compassionate release or release to home confinement and enters the following Order:

AND NOW, this 8th day of September, 2023, IT IS HEREBY ORDERED that Defendant's

pro se Motion to Reduce Sentence, (Docket No. 1389), is DENIED WITHOUT PREJUDICE.

<u>s/ W. Scott Hardy</u><br>
W. Scott Hardy<br>
United States District Judge

cc/ecf:      All counsel of record

           William Thomas, III (via U.S. mail)
           Reg. No. 63904-509
           FCI Beckley
           Federal Correctional Institution
           P.O. Box 350
           General & Legal Mail
           Beaver, WV  25813